**Johnnie R. VAUGHN, Sr.**
**v.**
**HARTFORD ACCIDENT AND IN-DEMNITY COMPANY.**
No. B–74–24–CA.

United States District Court, E. D. Texas, Beaumont Division.
March 29, 1974.

Joe H. Tonahill, Jasper, Tex., for plaintiff.

Vernon R. Berry, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, Tex., for defendant.

ORDER

STEGER, District Judge.

In view of the recent opinion by the Fifth Circuit in Hernandez v. Travelers Insurance Company, 489 F.2d 721 (5th Cir., 1974), the Court is raising, on its own motion, the question of subject matter jurisdiction in this case. This is a suit to recover workmen's compensation benefits from the defendant, Hartford Accident and Indemnity Company. Jurisdiction is based on diversity of citizenship of the parties. The plaintiff is a citizen of Texas, and was employed by the Texas employer, the City of Livingston, Texas. The defendant, Hartford Accident and Indemnity Company, is a Connecticut corporation.

As in *Hernandez,* this case turns on a 1964 amendment to the diversity statute, 28 U.S.C. § 1332(c). The amendment added the following proviso:

That in any direct action against the insurer of a policy or contract of lia-

bility insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

The Court held in *Hernandez* that this proviso applies to suits brought by a workman against his employer's workmen's compensation insurer. This Court is of the opinion that the present case must be dismissed for lack of jurisdiction, because Hartford is deemed, under the above statute, to be a citizen of Texas. Complete diversity between the parties is lacking.

It is, therefore, ordered, adjudged and decreed that the plaintiff's complaint be, and the same is hereby, dismissed.